In the Matter of the Application of the Executrices of the Estate of THERESA F. WARD, Deceased, Petitioner, for an Order of Mandamus against THE TEACHERS' RETIREMENT BOARD, Defendant.

Supreme Court, New York County, March 19, 1930.

*William A. Hyman,* for the petitioners.

*Arthur J. W. Hilly, Corporation Counsel,* for the defendant.

HATTING, J.   Theresa F. Ward was a school teacher employed by the board of education and rendered services up to December,

1925, for a period of upwards of thirty-five years. As she was eligible for retirement on December 4, 1925, she made her application for retirement to be effective on the 1st day of January, 1926, in which she selected from among optional benefits the maximum allowance payable during her life without optional modification. By the filing of the application it became imperative upon the retirement board to retire the applicant upon proof of her qualification. The matter of her application for retirement was to have been heard and disposed of at the December, 1925, meeting of the board, but the data of her qualifications, length of service, etc., not having been presented to the board prior to the holding of the December meeting, the matter of passing upon her application was deferred to the January, 1926, meeting of the board. On or about the 27th day of January, 1926, the retirement board acted favorably upon the application, and so notified the applicant; the notice, however, not reaching her until the 30th day of January, 1926. In the meanwhile no benefits had been paid to the applicant or received by her pursuant to her application for retirement. On the 29th day of January, 1926, the applicant, who was then in failing health, desired to exercise her optional right under section 1092, subdivision O, of the Greater New York Charter, as amended by Laws of 1920, chapter 784,* and notified the retirement board by a notice dated the 29th day of January, 1926, that she desired the benefits under option No. 1 of subdivision O of section 1092 of the Greater New York Charter and designated her sister, Martha Ward, to be the beneficiary thereof. This notice of election was received by the retirement board on January 30, 1926. On the 30th day of January, 1926, the applicant, Theresa F. Ward, received the notice from the retirement board that her application for retirement had been favorably acted upon, and she thereupon and on the 30th day of January, 1926, prepared another election to receive her benefits under option No. 1, which latter was on the printed form supplied by the retirement board and which was sent to the retirement board and received by it on the 1st day of February, 1926.

The applicant died on the 31st day of January, 1926. Thereupon Martha Ward made her application individually and as beneficiary of said Theresa F. Ward for an order of mandamus requiring the retirement board to pay to her the benefits payable under the application for retirement, which amounted to approximately $18,448.71. Upon this application it was the contention of the respondent that the election received on February 1, 1926, being after the decease of the applicant, had no effect, and that the application received by it on the 30th day of January, 1926, was likewise ineffectual

---

* Since amd. by Laws of 1929, chap. 514.— [REP.

by reason of defects in its execution, the applicant having failed to duly acknowledge it before a notary public, the same having been merely " verified." The form of designation of beneficiary having been defective by reason of the absence of the acknowledgment, it was held by the presiding justice on a previous application that the application by Martha Ward in her individual capacity could not be entertained, and that, if a benefit was payable under the election to receive option No. 1, the same was payable to the estate of the deceased in the absence of a properly designated beneficiary, and the motion was thereupon denied without prejudice to further application on behalf of the representatives of the deceased. Therefore, this application comes before this court for a similar order of mandamus made on behalf of the petitioners as executrices of the estate of Theresa F. Ward.

The two questions presented to this court for determination are (1) whether the application for retirement made on December 4, 1926, was conclusive upon the rights of the applicant to thereafter exercise the options provided for in subdivision O of section 1092 of the Greater New York Charter, and (2) whether the election to receive option No. 1, which was sent by the applicant on the 29th day of January, 1926, was valid and effectual. Subdivision O provides that a contributor may " at any time " file with the board of retirement his election to receive on retirement his benefits in retirement allowances under any one of the four options thereafter recited.

No authorities have been presented to this court placing any limitation of time for the exercise of the option under this subdivision, and under the uniform authorities the Pension Law should be construed liberally and favorably toward applicants. Limitation of time for the exercise of the options provided in the quoted section will be inequitable. The original application for retirement, by the provisions of subdivision K of section 1092, as enacted by Laws of 1917, chapter 303, becomes effective at some time to be therein designated, subsequent to the said application. We find no provision in law which requires the applicant upon the filing of his application to declare the precise benefit which he seeks to receive by reason of his retirement, to the exclusion of any right which he may claim to change such election or to thereafter elect the benefits acceptable to him. By a joint reading of the two subdivisions we conclude that the option under subdivision O is available to the applicant at any time with or after the filing of the application for retirement or even after the application for retirement has been acted upon by the retirement board. The objections of the respondent to the validity of the declaration of election dated the 29th

day of January, 1926, are only good so far as they affect the designation of the beneficiary. The method of designation of beneficiary is prescribed and is required to be duly acknowledged. In the absence of an acknowledged designation of beneficiary, the designation is ineffectual. This, however, is limited only to that portion of the election by which a designation of beneficiary was sought to be made. We find no provision in law that requires that the notice of the election to accept the options respectively be acknowledged. For that reason objection to the election for failure of an acknowledgment has no force. Upon the whole, the court concludes, there being no question of fact in dispute, that the petitioners, as representatives of the deceased contributor, are entitled to the benefits elected by the contributor to be received by her, and that an order of mandamus to that effect should be granted.

Motion for peremptory order of mandamus is granted. Settle order on two days' notice.